IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE:  LUMBER LIQUIDATORS                )
CHINESE-MANUFACTURED FLOORING             )
DURABILITY MARKETING AND SALES            )      MDL No. 1:16md2743 (AJT/TRJ)
PRACTICE LITIGATION                       )
_____)

This Document Relates to ALL Cases
_____

## INITIAL ORDER

PRETRIAL ORDER  #1
Setting  Initial  Conference
and General Matters

By Conditional Transfer Order dated October 13, 2016 [Doc. No. 1] ("CTO 1"), the Multi-District Litigation Panel transferred to the Court those cases listed in Schedule A for consolidated pre-trial proceedings. Additional cases may be transferred.

The Court's charge and objective are to complete pre-trial proceedings in these transferred cases expeditiously, efficiently, and fairly.  The Court expects all counsel to work cooperatively towards that end, understanding that counsel also have their own obligations to their clients.

This Order and, unless indicated otherwise, all subsequent orders  shall apply to all cases transferred to this Court and all "tag-along actions" filed in, removed to, or transferred to this Court.

### 1.  Local Rules and Practices Apply

Counsel must familiarize themselves with the Court's Local Rules, which shall govern, except as provided herein or by subsequent Order.  In that regard, the Court will follow its usual practice with respect to the role of the Magistrate Judge and all non-dispositive motions not

requiring a ruling by Judge Trenga will initially be referred automatically to Magistrate Judge

Jones for consideration.  Counsel are encouraged to reach agreements on non-controversial

matters, and to use this Division's procedure for agreed motions (always remembering that the

Court may not agree that the action sought is appropriate).  The Local Rules are found at

http://www.vaed.uscourts.gov/localrules/LocalRulesEDVA.pdf and the Alexandria Division

procedures are at http://www.vaed.uscourts.gov/locations/documents/AlexandriaInformation-4-

29-16_000.pdf.

The Court makes the following initial modifications to its rules and procedures:

a. Separate local counsel for each plaintiff will not be required initially.  The
   Court may revisit this decision if warranted.  Plaintiffs' Lead Counsel, to be
   designated as set forth herein, must associate with and designate for the
   Court's approval a member of the Bar of this Court to serve as his or her local
   counsel, who will have for all plaintiffs the responsibilities set out in Local
   Civil Rule 83.1.

b. Each attorney not admitted in this Court shall file this Court's "Application to
   Qualify as a Foreign Attorney," but it need not be signed by a member of the
   Bar of this Court, and payment of the fee for admission is hereby waived for
   all such applications filed after the date of this Order.

c. The usual practice for noticing motions for hearing on a regular Friday docket
   will not apply in this litigation.  The Court will determine whether and when a
   hearing is needed and will notify the parties.  Delivery by overnight mail or
   courier of one copy of every motion, brief, and document relating to a motion
   or brief will be required.  Where appropriate, binders and labeled tabs should

be used to assist the Court in its review of materials submitted.  For any discovery motion, those materials should be directed to Magistrate Judge Jones.

d.  Discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court or to the extent needed in connection with a motion.

## 2.  Consolidation

The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Virginia, Alexandria Division, will automatically be consolidated with this action without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which that person or entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

## 3.  Plaintiffs' Lead Counsel

The Court intends promptly to appoint Plaintiffs' Lead Counsel.  In selecting Plaintiffs' Lead Counsel, the Court will give due regard to any consensus among counsel with respect to any particular candidate.  Plaintiffs' counsel are therefore encouraged to confer as a group in an effort to select Plaintiffs' Lead Counsel by consensus.

a.  <u>Appointment Process</u>

All applications and nominations for Plaintiffs' Lead Counsel must be filed with the Clerk's Office of the Eastern District of Virginia, Alexandria Division, either electronically or on paper (original and one copy) on or before January 9, 2017, stating counsel's qualifications,

3

including specifically experience in multi-district litigation and in the Eastern District of Virginia.

The main criteria for Lead Counsel will be: (a) professional experience in this type of litigation; (b) willingness and availability to commit to a time-consuming project, including, without limitation, the ability to attend timely to the initial duties of Lead Counsel outlined in this Order before the Initial Status Conference and Rule 16(b) Conference on March 13, 2017; (c) ability to work cooperatively with others; and (d) willingness to commit the necessary resources to pursue this matter at an expeditious pace.  Applications and nominations should succinctly address each of the above criteria as well as any other relevant matters, including counsel's access to resources sufficient to advance the litigation in a timely manner, any particular financing arrangements in that regard, and the specific fee arrangement expected or in place.  The required information pertaining to available resources, including, specifically, financing arrangements and specific fee arrangements, must be shared with other plaintiffs' counsel but need not be provided to defendants at this time and may be submitted to the Court *ex parte* and not as part of an applicant's public filings.  An application should be limited to four pages in addition to any case listings.  The Court will only consider an attorney who has entered an appearance in a civil action involved in these proceedings.

Written objections may be made to the appointment of a proposed applicant or nominee. Any such written objections must be filed with the Clerk of Court either electronically or on paper (original and one copy) on or before January 16, 2017.  The objections, if there be any, must be short, yet thorough, and must be supported by any necessary documentation.

Every application, nomination, and objection must be served either electronically or by overnight mail or courier on all counsel who have then entered an appearance in any consolidated case.

The Court considers its appointment of Lead Counsel to be among the most important in these proceedings.  Its expectations are high, and the Court will not hesitate to reconsider its appointments during the litigation if the Court believes Lead Counsel is not discharging its obligations appropriately.

      b.  <u>Duties of Plaintiffs' Lead Counsel</u>

Plaintiffs' Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

    i.  Discharge the obligations outlined in this Order with respect to the tasks to be accomplished before the Initial Status Conference and Rule 16(b) conference on March 13, 2017, including specifically formulating the proposed litigation schedule specified in Paragraph 8 herein;

    ii.  Determine how and through which counsel to present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

    iii.  Determine and coordinate how discovery is to be conducted on behalf of plaintiffs, including, without limitation, the preparation of joint interrogatories, requests for production of documents, requests for admission, and subpoenas, and the examination of witnesses in deposition;

    iv.  Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

    v.  Delegate specific tasks to other counsel or committees, as authorized

by the Court, in a manner to ensure that the pretrial preparation for the plaintiffs is conducted efficiently and effectively and is assigned fairly and appropriately among counsel who wish to assume responsibilities for conducting pre-trial matters on behalf of all plaintiffs. In that regard, no attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings; and, subject to further Orders, as may be necessary, any attorney may suggest questions to be posed to deponents through Plaintiff's Lead Counsel.  Any plaintiff's counsel who believes that the particular interests of his or her client are not being adequately served in common discovery should seek the assistance of the Court after exhausting efforts to resolve any such disputes through Plaintiff's Lead Counsel;

vi.  Enter into stipulations with opposing counsel as necessary for the conduct of litigation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he or she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party;

vii.  Prepare and distribute periodic status reports to the parties;

viii.  Maintain adequate time and disbursement records covering services as Lead Counsel; establish adequate procedures to accurately record and report time and expenditures by other counsel; and submit periodic

6

summaries to the Court for its review.  In this regard, the Court has

under consideration whether to utilize the services of an outside

accountant to assist the Court on an on-going basis;

ix.  Monitor the activities of co-counsel to ensure that schedules are met

and unnecessary expenditures of time and funds are avoided; and

x.  Perform such other duties as the Court may direct.

**4.  Defendants' Lead Counsel**

Within ten (10) days of the date of this Order, defendants shall propose a specific lawyer

as Defendants' Lead Counsel, together with a general description of his or her qualifications and

experience.  If proposed Lead Counsel is not a member of the bar of this Court then defendants

shall also propose local counsel.

To the extent defendants are unable to agree upon a Lead Counsel, all counsel who want

to be considered for appointment as Defendant's Lead Counsel shall file an application on or

before January 9, 2017.  Applications shall state (a) professional experience in this type of

litigation; (b) willingness and availability to commit to a time-consuming project, including,

without limitation, the ability to attend timely to the initial duties of Lead Counsel outlined in

this Order before the Initial Status Conference and Rule 16(b) Conference on March 13, 2017;

(c) ability to work cooperatively with others; and (d) willingness to commit the necessary

resources to pursue this matter at an expeditious pace.  An application should be limited to four

(4) pages in addition to the listing of relevant case experience.

As a general matter, Defendants' Lead Counsel shall have for defendants, to the extent

applicable, those duties and responsibilities described in Paragraph 3 of this Order.  In addition,

Defendants' Lead Counsel shall file within fourteen 114) days of his or her appointment a list of

all cases currently pending in state courts that raise the same or similar issues to those to be addressed in these consolidated proceedings, and the status of those cases.

**5.   Communications Among Counsel Not a Waiver of Attorney Client or Work Product Privilege**

The communication of information among and between plaintiffs' counsel or among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protections afforded an attorney's work product.  Likewise, communications between Lead Counsel, or their representatives, and the cooperative efforts between them, as contemplated in this Order in discharge of their duties and obligations as Lead Counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, unless reflected in a writing signed by both Lead Counsel; nor shall any communications among counsel be used by or against any plaintiff or defendant.  Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**6.   Communications with the Court**

Unless otherwise authorized by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.  Neither the parties nor counsel should contact the Court *ex parte.*  Any contact with the Court on any substantive matter shall be by motion or letter.  To expedite procedural and scheduling matters, Lead Counsel or their designees may contact Chambers in a joint call, although the Court advises that they should do so only when necessary to advance the resolution of an issue.  Magistrate Judge Jones, who is on recall for this litigation, may also be contacted by Lead Counsel or their designees by email, and he will discuss that procedure further at the Rule 16(b) Conference.

In order to properly advance the resolution of this case, the Court may find it helpful

from time to time to meet with or communicate with counsel *ex parte* and/or off the record. The Court would provide advance notice to Lead Counsel of its intention to do so with an opportunity for any objections. The Court may want to meet briefly with Lead Counsel separately at some point before or during the Initial Status Conference. On or before March 3, 2017, all counsel should advise the Court of any objections to the Court's meeting separately with Plaintiffs' Lead Counsel and Defendants' Lead Counsel as outlined herein.

### 7. Initial Status Conferences

####  a. Date and Time

The Court intends to meet or confer from time to time with Lead Counsel after their appointment, on dates and times to be set. In addition, the Court will conduct an Initial Status Conference and Rule 16(b) Conference on March 13, 2017 at 10:00 a.m. in Judge Trenga's courtroom, Room 701, United States Courthouse, 401 Courthouse Square, Alexandria, Va. 22314. Judge Trenga and Magistrate Judge Jones will jointly preside.

####  b. Agenda for Initial Status Conference

At the Initial Status Conference, the Court intends to establish a litigation schedule that includes:

 i. A schedule for the filing of any remaining responsive pleadings or motions to dismiss;

 ii. A schedule for disposition of any motions to dismiss or other procedural motions, such as motions to remand to state court;

 iii. A discovery schedule for both fact and expert discovery;

 iv. A schedule for summary judgment motions;

 v. A schedule for consideration of class certification motions; and

vi.   Such other deadlines that may facilitate the disposition of these

proceedings.

The Court will also consider any other issues identified in Lead Counsel's required filings.  In

that regard, no later than February 24, 2017, Lead Counsel shall file any other agenda items that

Lead Counsel want the Court to consider at the Initial Status Conference.  On or before March 3,

2017, any other counsel may file suggestions for additional agenda items.

The Initial Status Conference will be followed by a Rule 16(b) Conference conducted by

Magistrate Judge Jones, at which he will resolve any outstanding objections or other issues

relating to the Discovery Plans to be filed in accordance with Paragraph 20 of this Order,

including resolution of objections to the required initial interrogatories and document requests.

He will also discuss and implement the logistics of fact discovery.

c.   <u>Appearance of Counsel at the Initial Status Conference</u>

Each party represented by counsel shall appear at the Initial Status Conference through an

attorney who will have primary responsibility for the party's interests in this litigation.  Parties

not represented by counsel may appear in person.  To minimize costs and facilitate a manageable

conference, parties with similar interests may agree, to the extent practicable, to have an

attending attorney represent their interest at the conference.  Designating an attorney to represent

the party's interest at this initial conference will not preclude counsel from subsequently

participating or a party from personally participating or selecting other representation during the

future course of this litigation, nor will attendance at the conference waive objections to

jurisdiction, venue or service.

**8.  Litigation Schedule**

The standard litigation schedule in this Court for complex cases typically includes 150

days for discovery after the initial Rule 16(b) Conference.  The Court recognizes that that this standard time frame may need to be tailored to accommodate the special features of this multi-district litigation, and welcomes the suggestions of counsel in that regard, but as a general proposition, the Court intends to establish a litigation schedule as close as possible to its standard litigation schedule.  Towards that end, the Court has identified in this Order certain tasks to be accomplished before the Initial Status Conference and Rule 16(b) conference on March 13, 2017 in order to facilitate an actual discovery period within the time frame typically imposed by the Court.  Solely for the convenience of the parties, the Court has attached as Schedule C a chronological listing of the tasks to be accomplished before the Initial Status Conference.

Lead Counsel, after consultation with each other, shall file on or before February 27, 2017, jointly if possible, otherwise separately, a litigation schedule that proposes:

      a.   A discovery cut-off date for fact discovery;

      b.   A schedule for expert designations and expert discovery, including any necessary *Daubert* hearings;

      c.   A date for the filing of any summary judgment motions on common liability issues; and

      d.   A schedule for consideration of any class certification issues.

The submissions should contain a brief statement justifying the proposed schedule.

Any other counsel may file objections or comments to the proposed litigation schedule(s) submitted by Lead Counsel on or before March 6, 2017, provided counsel has attempted to resolve in good faith any such objections or concerns with their Lead Counsel and certifies in writing having done so.

**9.   Proposed Discovery Plans**

a.  Discovery on damages is deferred until further notice, and Rule 26(a)(1)
    disclosures will not be required of any party.

b.  <u>Plaintiffs' Lead Counsel's Obligations</u>

    On or before February 16, 2017, Plaintiff's Lead Counsel shall provide to
    Defendants' Lead Counsel a proposed Discovery Plan for discovery to be
    conducted within the United States on behalf of all plaintiffs, that includes the
    following:

    i.   A proposed litigation schedule as required under Paragraph 8 of this
         Order;

    ii.  A Rule 30(b)(6) Deposition Notice for defendants (without a date for
         the deposition), which states the areas of inquiry on liability issues;

    iii. A detailed description of what fact information the plaintiffs require as
         to liability issues, including the text of not more than twenty (20)
         initial interrogatories to defendants;

    iv.  A detailed description of what documents plaintiffs require from
         defendants as to liability issues, including the text of not more than
         thirty (30) initial document requests;

    v.   A general description by subject matter and issue of what expert
         witnesses plaintiffs intend to designate, and a proposed schedule for
         designation and depositions of those experts;

    vi.  A general description of what damages discovery plaintiffs believe is
         appropriate in these consolidated proceedings;

    vii. A description of such other discovery that plaintiffs want to conduct

within the United States, including depositions and document

discovery from nonparties; and

viii.   How, if at all, plaintiffs believe discovery in Civil Action No. 1:15-

md-2627 (AJT/TRJ) in this Court may be used in these proceedings.

Before serving the proposed Discovery Plan on Defendants' Lead Counsel, Plaintiffs' Lead Counsel shall circulate the proposed Discovery Plan to all plaintiffs' counsel and provide a reasonable opportunity for comments and suggestions, which Plaintiffs' Lead Counsel shall, in good faith, consider, and, to the extent practicable, accommodate and reflect in the proposed Discovery Plan.  However, Plaintiffs' Lead Counsel shall finally decide the contents of the proposed Discovery Plan to be served on Defendants' Lead Counsel pursuant to this Order.

c.   <u>Defendants' Lead Counsel's Obligations</u>

On or before February 16, 2017, Defendants' Lead Counsel shall provide to Plaintiffs' Lead Counsel defendants' proposed Discovery Plan for discovery within the United States that includes specifically the following:

i.   A proposed litigation schedule as required under Paragraph 8 of this

Order;

ii.   A description of what fact information defendants require from

plaintiffs as to defendants' alleged liability common to all plaintiffs or

classes of plaintiffs, including the text of not more than fifteen (15)

initial interrogatories and fifteen (15) initial document requests;

iii.   A general description of what individualized discovery, if any,

defendants believe is appropriate from each plaintiff separately on

liability issues;

13

    iv.   A general description by issue and subject matter of what expert witnesses defendants intend to designate and a proposed schedule for designation and depositions of those experts;

    v.   A general description of what discovery concerning damages defendants believe is appropriate in these consolidated proceedings;

    vi.   A description of such other discovery that defendants want to conduct within the United States, including depositions and document discovery from nonparties;

    vii.   A statement concerning their efforts to date to locate and gather for prompt production all documents that relate to the issues alleged in the cases transferred to this multi-district litigation, the overall volume, and when defendants believe production of such documents can occur. Any particular problems or issues with respect to document production should be described with particularity.  Likewise, any issues pertaining to the identification of privileged documents should be identified, together with a schedule for the filing of an appropriate privilege index; and

    viii.   How, if at all, plaintiffs believe discovery in Civil Action No. 1:15-md-2627 (AJT/TRJ) in this Court may be used in these proceedings.

    d.  <u>Duty to Confer</u>

Following their receipt of the other's proposed Discovery Plans, Lead Counsel shall confer, attempt in good faith to resolve issues, and on or before February 27, 2017, file jointly if possible, otherwise separately, a statement concerning any unresolved objections to each other's

Discovery Plan, including any objections to the proposed schedule, initial interrogatories and document requests, Rule 30(b)(6) notices, or the subject matter of expert testimony.  Extensive briefing on any remaining objections to initial discovery is neither expected nor desired.  Simple statements of reasons will suffice.  The Court will resolve any remaining objections at the Initial Status Conference and/or the Rule 16(b) Conference.  Any counsel may file objections or comments to the filed proposed Discovery Plans on or before March 6, 2017, provided counsel has first attempted in good faith to resolve any objections or concerns with their Lead Counsel and certifies in writing having done so.

Because most of the core issues in this litigation are apparent, the Court requires that all parties' counsel begin now to identify what information is likely to be ordered produced under Rules 30, 33, 34, and 35, and begin planning accordingly.  All parties and their counsel must be prepared to serve answers to initial interrogatories, a written Rule 34 document response, and a privilege log not later than thirty (30) days after the Rule 16(b) Conference, and to begin actual production under Rule 34 promptly thereafter.

### 10. Foreign Discovery

No later than March 3, 2017, Lead Counsel shall file jointly if possible, otherwise separately, a statement concerning what, if any, foreign discovery is believed to be necessary, a proposed plan and schedule for such discovery, and what legal or practical issues may need to be addressed by the Court.  Any other counsel may file objections or comments to Lead Counsel's filings on or before March 6, 2017, provided counsel has attempted in good faith to resolve their objections or concerns with their Lead Counsel and certifies in writing having done so.

### 11. Protective Order

Not later than February 3, 2017, defendants, through Lead Counsel, shall file a motion for

the entry of an attached proposed protective order, applicable to all cases, relating to material deemed confidential by any party.  (The proposed protective order may not provide prospectively for the filing of documents under seal.  That issue will be discussed at the Rule 16(b) Conference.)

Plaintiffs' Lead Counsel shall file a response to defendants' proposed protective order not later than February 14, 2017, which may include a different proposed order.  Lead Counsel shall thereafter confer on outstanding issues, and Defendants' Lead Counsel shall file a report on the extent of agreement not later than February 24, 2017.  Any other counsel may file objections or comments concerning the filed proposed protective orders on or before March 3, 2017, provided counsel has attempted in good faith to resolve their objections or concerns with their Lead Counsel and certifies in writing having done so.  Magistrate Judge Jones will deal further with entry of a protective order at the Rule 16(b) Conference.

### 12.  Case Classification

The MDL Panel transferred all of the actions involved with this case to this Court on the basis that all of the actions involve common factual questions concerning whether Lumber Liquidators falsely represented that its Chinese-manufactured laminate flooring complied with an industry standard for durability—the AC3 standard—and other legal requirements covering the emissions of formaldehyde.  No later than February 20, 2017, Lead Counsel, after conferring, shall file jointly if possible, otherwise separately, a statement concerning whether any cases or classes of cases present distinct legal issues as to liability or general causation, what those differences are (i.e., different legal standards) and which cases fall into which separate categories.  Lead Counsel are also invited to include any other observations or suggestions concerning the proper division or handling of cases by groups for any particular purpose,

including specifically whether early bellwether trials on some issues may be appropriate, and if so, how many cases should be selected for that purpose and on what basis.  Any other counsel may file objections or comments to any of Lead Counsel's filings, as required under this Paragraph, on or before February 27, 2017, provided counsel has attempted in good faith to resolve any objections or concerns with their Lead Counsel and certifies in writing having done so.

### 13. Initial Responsive Pleadings and Motions to Dismiss

Presently pending in certain cases transferred to this Court are motions to dismiss. Additional motions are anticipated.  The Court intends to decide such motions on a representative basis and apply its decision on a representative motion to similar motions in all other cases, except to the extent that different cases or classes of cases present materially different legal issues.  Lead Counsel shall confer with respect to presently filed motions to dismiss and report to the Court on or before February 3, 2017, their positions concerning whether motions to dismiss may be resolved through one or more representative motions, and if so which specific motions.

Likewise, the Court is considering requiring defendants to file an answer on a consolidated basis by answering a single representative complaint or a generic complaint, to be prepared, that contains factual allegations common to all cases or classes of cases. Lead Counsel shall confer and report in writing to the Court on or before February 20, 2017, their positions on proceeding in this fashion.  Any other counsel may file objections or comments to Lead Counsel's submissions on or before February 27, 2017, provided counsel has attempted in good faith to resolve and objections or concerns with their Lead Counsel and certifies in writing having done so.

**14. Other Pending Motions**

No later than February 3, 2017, plaintiff's counsel in each consolidated action shall identify to Plaintiff's Lead Counsel any pending plaintiff's motions, other than a discovery motion, that still require a ruling in light of consolidation and this Order.  Also, no later than February 3, 2017, Defendant's Lead Counsel shall identify to Plaintiff's Lead Counsel any pending defendant's motions that still require a ruling in light of consolidation and this Order, other than a discovery motion or motion to dismiss.  Counsel's failure to identify timely any such motion to Plaintiff's Lead Counsel will be considered a withdrawal of that counsel's motions in that action.  No report is needed where no such motions are pending.  On or before February 20, 2017, Plaintiff's Lead Counsel shall file with the Court a list of pending motions identified by plaintiffs' counsel and Defendant's Lead Counsel that require a ruling.

**15. Extension of Time to Respond to the Complaints and a Stay of Discovery**

Each defendant is hereby granted an extension of time to answer, move or otherwise respond to the complaint(s) until a date to be set by this Court.  Pending the Initial Status Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated except as may be ordered.

**16. Remand Stipulations**

In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

**17. Preservation of Evidence and Inspections**

Inspections and preservation of flooring and other physical material is an immediate issue.  The Court assumes that a substantial amount of inspection and testing has already

occurred, and the Court urges the parties immediately to discuss, as best as can be logistically accomplished in advance of the appointment of Lead Counsel, a mutually acceptable testing protocol with agreed upon experts, together with an expedited schedule for testing.  In any event, with ten (10) days of the appointment of Lead Counsel, Lead Counsel shall file a specific inspection, testing  and preservation protocol and inspection schedule, together with a description of what testing has occurred to date, what remains and what issues may need to be resolved by the Court.  The Court expects defense counsel to initiate efforts with respect to the matters discussed in this Paragraph upon receipt of this Order.

More broadly, all parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action.  The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action.  "Documents, data, and tangible things" is to be interpreted broadly to include anything in which information of any kind is recorded.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation.  Each attorney is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph.  Failure to comply may lead to dismissal of claims, striking of defenses,

imposition of adverse inferences or other dire consequences.

Before any documents, data, or tangible things, which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

### 18. MDL 2743 Website

A website particular to MDL 2743 is in the process of being created and, to the extent necessary, will be the subject of separate orders.

### 19.  Master Docket File

Any pleading or document which is to be filed in any of these consolidated actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket case file under the style "In re: Lumber Liquidators Chinese-Manufactured Flooring Durability Marketing and Sales Practice Litigation" and the identification "1:16md2743."  A pleading applicable to all actions shall be labeled conspicuously: "This Document Relates to All Cases."  A pleading applicable to fewer than all cases shall be conspicuously labeled: "This Document Relates to . . .," followed by this Court's docket number for each individual case to which the document relates.

The following is a sample of the pleading style:

```
IN RE:  LUMBER LIQUIDATORS              )
CHINESE-MANUFACTURED FLOORING           )
DURABILITY MARKETING AND SALES          )        MDL No. 1:16md2743 (AJT/TRJ)
PRACTICE LITIGATION                     )
_____)
This Document Relates to ALL Cases
or
This Document Relates to ONLY the following cases: [with specific case numbers listed]
_____
```

20

The Clerk has established a protocol for maintaining these distinctions in electronic filings and it is attached to this Order as Schedule B.  Failure by counsel and counsel's staff to follow this protocol will result in substantial and unnecessary work by court personnel, and will be regarded as sanctionable.  The Court also welcomes any suggestions that would more efficiently allow for the distribution of pleadings and Orders through outside services.

### 20. Electronic Filing

All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to Local Civil Rule 1 and this Court's Electronic Case Filing Policies and Procedures manual, as modified by this Order in Paragraph 1.  Attorneys may register for electronic filing at http://www.vaed.uscourts.gov/ecf/E-Filing%20Registration.html.

Pro se litigants who are not authorized to file electronically shall continue to file their pleadings with the Clerk of this Court in the traditional manner, on paper.  Pro se litigants must arrange with the Clerk to receive their copies of orders and other parties' filings by e-mail unless they do not have an e-mail address.

### 22.  Additional Matters

Counsel should bring to the attention of the Court through a written filing or letter any issues related to this Order as well as any other issues or matters not  addressed herein that should be before the Initial Status Conference.

The Clerk is directed to forward copies of this Order to all counsel of record as well as those counsel of record in the cases listed in CTO 1 who have not yet entered an appearance in

this Court.

_____/s/_____

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
November 30, 2016

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES PRACTICES
LITIGATION**                                                              MDL No. 2743

## SCHEDULE A

<u>Northern District of Alabama</u>

FLOREZ v. LUMBER LIQUIDATORS, INC., C.A. No. 16-01418
DOREEN MASTERS v. LUMBER LIQUIDATORS INC, C.A. No. 16-01529

<u>Southern District of California</u>

COBURN ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 16-01931

<u>District of Connecticut</u>

GONZALEZ, ET AL vs. LUMBER LIQUIDATORS, INC., C.A. No. 16-01552

<u>Northern District of Florida</u>

WILLIAMS v. LUMBER LIQUIDATORS, INC., C.A. No. 16-00255

<u>Northern District of Illinois</u>

CLARA COLEMAN v. LUMBER LIQUIDATORS INC, C.A. No. 16-09095

<u>Southern District of Iowa</u>

GARY PAGE v. LUMBER LIQUIDATORS INC, C.A. No. 16-00503

<u>District of Maryland</u>

JAMES CHESTNUT v. LUMBER LIQUIDATORS INC, C.A. No. 16-03116

<u>Southern District of Mississippi</u>

RICHARD NORRIS v. LUMBER LIQUIDATORS INC, C.A. No. 16-00144

<u>District of Nebraska</u>

ALEX WIELAND v. LUMBER LIQUIDATORS, INC., C.A. No. 16-00431

<u>District of South Carolina</u>

JOYCE FRAZIER v. LUMBER LIQUIDATORS INC, C.A. No. 16-03177

Western District of Tennessee

JEREMY SESTI ET AL v. LUMBER LIQUIDATORS INC, C.A. No. 16-02752

Southern District of Texas

FRANCES ANN HAYGOOD ET AL v. LUMBER LIQUIDATORS INC, C.A. No. 16-02854

Western District of Wisconsin

ALLEN MYERS v. LUMBER LIQUIDATORS INC, C.A. No. 16-00628

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES PRACTICES
LITIGATION**                                                    MDL No. 2743

## SCHEDULE B

| | |
|---|---|
| **Introduction** | This document contains instructions for filing documents in MDL 2743 Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation. |
| **Effective Date** | December 5, 2016 |
| **Lead Case** | The lead case number is 1:16md2743 AJT/TRJ.  All filing is to be done in the lead case. |
| **Member Cases** | During the filing of a document in the lead case, answer *yes* to the question *Do you want to spread text?*  All the member cases will appear in a list for selection to spread the text to the member cases selected.   **Only select the member case(s) to which the filing applies.**<br><br>A docket entry will be entered and the document uploaded to the lead case and to each member case selected. |

*Continued on next page*

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES PRACTICES
LITIGATION**

**SCHEDULE B**, Continued

---

**Filing Events**      To file in this MDL case, use only those filing events found in the category ***MDL Cases Only***.  Only these filing events will allow the filer to spread the docket entry text and document to member cases.

*Note*:  Do not use the (*Clerk's Office Use Only*) filing events for the MDL 2743 case.

***Exceptions:***
- **Notices of Appearance**:  These documents must be electronically filed separately, using the *Notice of Appearance* event, in every case to which it belongs.  The spread text feature does not work on this entry and in order to be listed on the member case docket sheets, you must file in the individual member cases.
- **Pro Hac Vice Motions**:  These documents must be electronically filed in the lead case only.  The MDL case manager will add the pro hac vice counsel to the docket sheet upon signature of the Judge.  On the application, please specify as to what member cases the pro hac vice attorney should be added.
- **Notices of Appeal**:  Notices of Appeal must be electronically filed using the event notice of appeal, filed only in the member case that is being appealed.  These documents are **not** docketed in the lead case.  A Notice of Appeal must be filed in the individual member cases and the appeal fee paid.

---

*Continued on next page*

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES PRACTICES
LITIGATION**

### SCHEDULE B, Continued

---

**Steps for
Spreading a
Docket Entry**

Take the following steps to file in the lead case and spread the docket entry
and document to member cases:

| Step | Action |
|------|--------|
| 1 | Log in to the Eastern District of Virginia E-Filing System. |
| 2 | Select *Civil* from the main blue menu. |
| 3 | Select *MDL Cases Only* category. |
| 4 | Select the filing event that best describes your document and then click the *Next* button. |
| 5 | Enter the lead case number 1:16md2743 and then click the following two *Next* buttons. |
| 6 | Select *yes* to the question *Do you want to spread this docket text?* and then click the *Next* button. |

---

*Continued on next page*

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES PRACTICES
LITIGATION**

### SCHEDULE B, Continued

**Steps for
Spreading a
Docket Entry**
(continued)

| Step | Action |
|------|--------|
| 7 | Select the cases to which the docket entry should be spread by clicking on each one (if selecting more than one, be sure to hold the control button as you click on the case) and then click the *Next* button.  Use the scroll bar if necessary. |
| 8 | Upload the document and then click the *Next* button. |
| 9 | Select the filer of the document and click the *Next* button. |
| 10 | Review entry, add text if necessary, and then click the *Next* button. |
| 11 | Review the entry: <table><tr><td>**If the entry is ...**</td><td>**Then ...**</td></tr><tr><td>Correct</td><td>Click the *Next* button to commit the transaction.</td></tr><tr><td>Incorrect</td><td>Abort the transaction by starting over.</td></tr></table> *Note*: Wait for the *NEF* confirmation page before navigating away from the screen. |

4

**IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING DURABILITY MARKETING AND SALES PRACTICES
LITIGATION**                                                   MDL No. 2743

## SCHEDULE C

| Seq. | Action | Date | Para. |
|------|--------|------|-------|
| 1 | Defendants file proposed lawyer for Defendants' Lead Counsel | within 10 days of Order | 4 |
| 2 | File applications for Plaintiffs' Lead Counsel | 9-Jan-17 | 3(a) |
| 2 | File applications for Defendants' Lead Counsel (if not agreed) | 9-Jan-17 | 4 |
| 3 | File objections to appointment of any Lead Counsel applicants | 16-Jan-17 | 3(a) |
| 4 | Lead Counsel to file  inspection and preservation schedule and protocol | within 10 days of appointment | 17 |
| 5 | Defendants' Lead Counsel to file list of all pending state court cases | within 14 days of appointment | 4 |
| 6 | Lead Counsel to file report re: representative motions to dismiss | 3-Feb-17 | 13 |
| 6 | Defendants' Lead Counsel to move for entry of proposed protective order | 3-Feb-17 | 11 |
| 6 | Each plaintiff's counsel and Defendants' Lead Counsel to identify to Plaintiffs' Lead Counsel any outstanding motions still requiring a ruling (other than to dismiss or for discovery) | 3-Feb-17 | 14 |
| 7 | Plaintiffs' Lead Counsel to file response to defendants' motion for protective order | 14-Feb-17 | 11 |
| 8 | Lead Counsel to exchange proposed discovery plans | 16-Feb-17 | 9(b), (c) |
| 9 | Lead Counsel to file statement re: case classification/distinctions | 20-Feb-17 | 12 |
| 9 | Plaintiffs' Lead Counsel to file list of outstanding motions (other than to dismiss or for discovery) requiring a ruling | 20-Feb-17 | 14 |
| 9 | Lead Counsel to confer and file statement re: answering a representative complaint | 20-Feb-17 | 13 |
| 10 | Lead Counsel to submit items for discussion at Initial Status Conf. | 24-Feb-17 | 7(b) |
| 10 | Defendants' Lead Counsel to file report on the extent of agreement re: proposed protective order | 24-Feb-17 | 11 |

| 11 | Lead Counsel to file proposed litigation schedule | 27-Feb-17 | 8 |
|----|----|----|----|
| 11 | Lead Counsel to file statement re: unresolved objections to opposing party's discovery plan | 27-Feb-17 | 9(d) |
| 11 | Any other counsel to file objections/comments to Lead Counsel's filings re: case classification, answering a representative complaint | 27-Feb-17 | 12; 13 |
| 12 | Lead Counsel to file statement re: expected foreign discovery | 3-Mar-17 | 10 |
| 12 | All counsel to file any objections to *ex parte* meetings w/counsel at Initial Status Conf. | 3-Mar-17 | 6 |
| 12 | Any other counsel to submit suggested items to discuss at Initial Status Conf. | 3-Mar-17 | 7(b) |
| 12 | Any other counsel to file objections to Lead Counsel's proposed protective order | 3-Mar-17 | 11 |
| 13 | Any other counsel to file objections to Lead Counsel's proposed litigation schedule, proposed discovery plans, foreign discovery statement | 6-Mar-17 | 8; 9; 10 |
| 14 | Initial Status and Rule 16(b) Confs. | 13-Mar-17 | 3(a), (b); 4; 7(a); 8 |