UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED LAMINATE FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 1:15-md-02627(AJT/TRJ) |
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED LAMINATE FLOORING DURABILITY MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) ) ) | MDL No. 1:16-md-02743 (AJT/TRJ) |

## ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASSES, DESIGNATING CLASS COUNSEL, APPOINTING CLASS REPRESENTATIVES, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, AND AUTHORIZING DISSEMINATION OF NOTICE

Upon consideration of Plaintiffs' Motion for Conditional Certification of Class, Preliminary Approval of Class Action Settlement, and Scheduling of Final Approval Hearing (the "Motion"), it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Court conditionally certifies two Settlement Classes – the CARB2/Durability Class for purchases of Chinese-manufactured laminate flooring from the Defendant from January 1, 2011 through May 31, 2015, and the CARB1 Class for purchases of Chinese-manufactured laminate flooring from the Defendant from January 1, 2009 to December 31, 2010;

3. The Court designates Co-Lead Counsel from MDL No. 2627 and Co-Lead Counsel from MDL No. 2743 as Class Counsel, specifically:

    a. Steven J. Toll, Cohen Milstein Sellers & Toll PLLC

  b.  Steven W. Berman, Hagens Berman Sobol Shapiro LLP

  c.  Niall McCarthy, Cotchett, Pitre & McCarthy, LLP

  d.  Alexander Robertson, IV, Robertson & Associates, LLP

  e.  Daniel K. Bryson, Whitfield Bryson & Mason LLP

  f.  Robert R. Adhoot, Adhoot & Wolfson, P.C.

4. The Court appoints as Class Representatives the following persons:

  a.  Lila Washington[1]

  b.  Maria and Romualdo Ronquillo

  c.  Joseph Michael Balero

  d.  Ryan and Kristin Brandt

  e.  Devin and Sara Clouden

  f.  Kevin and Julie Parnella

  g.  Shawn and Tanya Burke

  h.  Erin Florez

  i.  Jim Moylen

  j.  Kelly Ryan

  k.  Karen Hotaling

  l.  Logan Perel

5. The Court finds that the settlement set forth in the Settlement Agreement dated March 14, 2018 (the "Settlement" or "Settlement Agreement"), between Defendant Lumber

---

[1] Ms. Washington is now deceased.

Liquidators, Inc. ("Defendant") and Plaintiffs Lila Washington, Maria and Romualdo Ronquillo, Joseph Michael Balero, Ryan and Kristin Brandt, Devin and Sara Clouden, Kevin and Julie Parnella, and Shawn and Tanya Burke (collectively, the " Formaldehyde Plaintiffs") in *In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1:15-md-02627 (AJT), and Plaintiffs Erin Florez, Jim Moylen, Kelly Ryan, Karen Hotaling, and Logan Perel (collectively, the "Durability Plaintiffs"), in *In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing and Sales Practices Litigation*, No. 1:16-md-02743, (all Plaintiffs collectively, "Plaintiffs"), individually and as representatives of the Class, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of class notice. This Order incorporates herein, and makes a part thereof, the Settlement Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

6. Class Members who wish to be excluded from the Class shall mail a written Request for Exclusion to the Settlement Administrator at the address provided in the Notice via First Class U.S. Mail paid by the Class Member, so that it is served no later than thirty (30) days before the hearing on final settlement approval (the "Final Approval and Fairness Hearing"), and shall clearly state the following: the Class Member's name, mailing address, e-mail address, the signature of the Class Member, identify their individual counsel (if any), and substantially the following statement: "I want to opt out of the Class(es) certified in the Lumber Liquidators Chinese-laminate flooring litigation."

7. A person who submits a valid Request for Exclusion shall not be bound by the Settlement Agreement, or the Final Approval Order and Judgment. In addition, the excluded

parties identified on Exhibit A of the Settlement need not file a request for exclusion nor an objection.

8. The Settlement Administrator shall log each Request for Exclusion and provide copies of the log to Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL, Plaintiffs' Co-Lead Counsel for the Durability MDL, and Counsel for Defendant on a monthly basis.

9. Not later than fifteen (15) days before the Final Approval and Fairness hearing, the Settlement Administrator shall prepare and deliver to Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL, Plaintiffs' Co-Lead Counsel for the Durability MDL, and Counsel for Defendant, a report stating the total number of Class Members who have submitted timely and valid Requests for Exclusion from the Class and the names of such Class Members. Such Class Members will not be entitled to receive any relief under the Settlement Agreement.

10. Not later than ten (10) days before the Final Approval and Fairness hearing, Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL will file the report stating the total number of Class Members who have submitted timely and valid Requests for Exclusion from the Class and the names of such Class Members with the Court.

11. Any Class Member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 3 above shall be automatically included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, the Settlement, this Order Granting Preliminary Approval of Settlement, and the Final Approval Order and Judgment, whether or not such Class Member received actual notice or shall have objected to the Settlement and whether or not such Class Member makes a Claim upon or participates in the Settlement.

12. To effectuate the Settlement Agreement and Settlement, the Settlement Administrator shall be responsible for the receipt and processing of all Requests for Exclusion and Claim Forms. The Settlement Administrator shall preserve (on paper or transferred into electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Class Members in response to the Notices for a period of one (1) year, or pursuant to further order of the Court. All written communications received by the Settlement Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL, Plaintiffs' Co-Lead Counsel for the Durability MDL, and counsel for Defendant, including prior to payments or vouchers being sent to each Class Member.

13. Class Members who have not requested exclusion from the Class may object to the Settlement. Class Members who choose to object to the Settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties. Any Class Member may appear at the Final Approval and Fairness Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on Plaintiffs' Counsel's application for any award of attorneys' fees and costs. The right to object to the Settlement must be exercised individually by an individual Class Member and, except in the case of a deceased, minor, or incapacitated Person or where represented by counsel, not be the act of another Person acting or purporting to act in a representative capacity.

14. To be effective, an objection to the Settlement that is filed with the Court must:

(a) Contain a caption that includes the name of the case(s) as follows: *In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Marketing, Sales*

*Practices and Products Liability Litigation*, MDL No. 1:15-md-02627 (AJT); or *In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing and Sales Practices Litigation*, No. 1:16-md-02743; or both;

   (b) Provide the name, mailing address, email address, telephone number and signature of the Class Member filing the intent to object, and identify his or her individual counsel, if any;

   (c) Provide a valid proof of membership in one of the Settlement Classes, or both;

   (d) File a written letter or brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection with the United States District Court for the Eastern District of Virginia not later than thirty (30) days prior to the Final Approval and Fairness Hearing;

   (e) Be served contemporaneously on Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL, Plaintiffs' Co-Lead Counsel for the Durability MDL, and Counsel for Defendant (unless filed via the Court's ECF system, such that copies will be transmitted electronically to these counsel);

   (f) Contain the number of class settlements objected to by the Class Member in the last three (3) years;

   (g) State whether the objecting Class Member intends to appear at the Final Approval and Fairness Hearing, either in person or through counsel.

15. If the objection is made through an attorney the written objection must also include: (a) the identity and number of the Class Members represented by objector's counsel; and (b) the number of such represented Class Members who have opted out of the Settlement Class.

16. Any Class Member who does not file a timely an adequate notice of intent to object in accordance with these provisions waives the right to object or to be heard at the Final Approval and Fairness Hearing and shall be forever barred from making any objection to the Settlement. To the extent any Class Member objects to the Settlement, and such objection is overruled in whole or in part, such Class Member will be forever bound by the Final Approval Order and Judgment of the Court.

17. The filing of an objection allows Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL, Plaintiffs' Co-Lead Counsel for the Durability MDL or counsel for Defendant to notice such objecting Class Member for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting Class Member to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the Class Member's objection and otherwise denying that Class Member the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objecting Class Member or the objecting Class Member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

18. In order to be entitled to participate in the Settlement Class, a member of the Class who has not requested exclusion therefrom must submit a valid Claim on or before 120 days after the date of this Order. Any member of the Class who does not submit a timely, valid

Claim shall not be entitled to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any of the Released Claims.

19. The Final Approval and Fairness Hearing will be held before this Court, in Courtroom 701, at the United States District Court for the Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314, on October 3, 2018 at 10:00 a.m., or another date set by the Court, to consider, *inter alia*, the following: (a) the fairness, reasonableness and adequacy of the Settlement; (b) the dismissal with prejudice of the Action as to Defendant; (c) whether Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL application(s) for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee and Cost Application") should be granted; (d) whether to finally approve the Settlement Agreement; and (e) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all Claims by Class Members against Defendant and all Released Parties.

20. No later than fifteen (15) days before the Final Approval and Fairness Hearing, the Settlement Administrator shall provide to Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL, Plaintiffs' Co-Lead Counsel for the Durability MDL, and counsel for Defendant the following information: (i) the number of Notices mailed or sent to Class Members; (ii) the number of Class Members who have submitted Approved Claims for the CARB2-Durability Settlement Class and the CARB1 Settlement Class; (iii) the number of Class Members who have submitted Requests for Exclusion from the Settlement Classes and the names of such persons;

(iv) any information about any objections to the Settlement that the Settlement Administrator has not previously forwarded; and (v) any other tracking information reasonably requested.

21. No later than ten (10) days before the Final Approval and Fairness Hearing, Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL shall file a report with the number of Class Members who have submitted Requests for Exclusion from the Settlement Classes and the names of such persons.

22. Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL shall file memoranda, declarations, or other statements and materials in support of final approval of the Settlement Agreement, no later than forty-five (45) days prior to the Final Approval and Fairness Hearing.

23. Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL shall jointly or separately file memoranda, declarations, or other statements and materials in support of fee and cost applications, no later than forty-five (45) days before the Final Approval and Fairness Hearing.

24. Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL shall file any supplemental papers in support of final approval of the Settlement Agreement and/or the Fee and Cost Application(s) and the any response to any objections from Class Members by ten (10) days prior to the Final Approval and Fairness Hearing.

25. The Settlement on the terms and conditions of the Settlement Agreement filed concurrently with the Motion for Preliminary Approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendant or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any

violation of law by Defendant. The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendant or any other party or person, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

26. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an order of the Court.

27. In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Defendant.

28. Summary of Dates and Deadlines:

| Event | Date |
|---|---|
| Deadline for Defendant to transfer $500,000 to the Settlement Fund Escrow Account for Class Notice and Settlement Administrator's Fees | Five (5) days from the date of this Order. |
| Deadline to disseminate Notice to the Class | Fifteen (15) days from the date of this Order, or as soon as possible thereafter. |
| Last day to file (1) Motion for Final Approval and (2) Fee and Cost Application(s) | Forty-five (45) days prior to Final Approval and Fairness Hearing. |
| Last day for objections to Settlement or opposition to Motion for Final Approval and/or Fee and Cost Application(s) | Thirty (30) days prior to Final Approval and Fairness Hearing. |
| Last day for Class Members to file Requests for Exclusion | Thirty (30) days prior to Final Approval and Fairness Hearing. |
| Deadline for Settlement Administrator to provide Plaintiffs' Co-Lead Counsel and Counsel for Defendant with a report regarding the number of (1) Notices mailed/sent to Class Members, (2) Approved Claims, and (3) Class Members who have submitted Requests for Exclusion | Fifteen (15) days prior to Final Approval and Fairness Hearing. |

| Deadline for Settlement Administrator to file declaration confirming dissemination of Notice to the Class took place in accordance with this Order | Fifteen (15) days prior to Final Approval and Fairness Hearing. |
|---|---|
| Deadline for Plaintiffs' Co-Lead Counsel to file report regarding Requests for Exclusion | Ten (10) days prior to Final Approval and Fairness Hearing. |
| Last day for the Parties to file supplemental papers regarding any Class Member objections to the Motion for Final Approval and/or Fee and Cost Application(s) | Ten (10) days prior to Final Approval and Fairness Hearing. |
| Final Approval and Fairness Hearing | October 3, 2018. |
| Claim Forms Return Deadline | 120 days from the date of this Order. |
| Deadline for Defendant to transfer $21,500,000.00 in case to the Settlement Fund Escrow Account | Thirty (30) days from the date Final Approval is granted. |
| Class Counsel may be paid out of the Escrow Account | Thirty-one (31) days from the date Final Approval is granted. |
| Deadline for the Settlement Administrator to notify Class Counsel and Class Members of deficient Claim Forms | Forty-five (45) days from the date Final Approval is granted. |
| Deadline for Class Members to cure deficient Claim Forms | Ten (10) days from the date of the deficiency notice. |
| Deadline for Settlement Administrator to Distribute Checks and Vouchers | Sixty (60) days after the Effective Date (i.e., after the Final Approval Order and Judgment is entered and the time for appeal therefrom has expired) |

29. The Court approves the retention of Angeion Group ("Angeion") to serve as Settlement Administrator for this Settlement. Angeion will work under the direction of Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL and in accordance with Court orders to provide Class Notice, respond to inquiries from Class Members, receive Requests for Exclusion and, at a later time, receive and process Class Member Claims and distribute Settlement proceeds to Class Members.

30. Notice shall be provided to the members of the Class. The Court approves the form of the E-Mail Notice, Publication Notice, Long Form Notice and Claim Form and Postcard Notice (the "Notices") attached to the Motion. The Court finds that the dissemination of the Notices in the manner set forth in paragraph 31 below constitutes the best notice practicable

under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

31. The Settlement Administrator shall cause the Email Notice and Postcard Notices to be disseminated to the Classes within fifteen (15) days following entry of this Order, or as soon as practicable thereafter. The Email Notice and Postcard Notice shall direct Class Members to a website – maintained by the Settlement Administrator – which will contain, *inter alia*, the Long Form Notice and Claim Form; this Preliminary Approval Order; Plaintiffs' operative complaints; and a copy of the Settlement Agreement. The Notice Administrator shall also implement the publication notice program through a four-week internet advertising campaign and the publication of Notice in *People*. The publication notice program shall direct Class Members to the dedicated website, and/or to contact the Settlement Administrator for more information. The publication notice program is hereby approved as to form and shall be substantially in the form described in the Settlement Agreement. The publication notice program shall be launched as described above within fifteen (15) days following entry of this Order.

32. The Settlement Administrator is directed to file with the Court and serve upon Plaintiffs' Co-Lead Counsel for the Formaldehyde MDL and Plaintiffs' Co-Lead Counsel for the Durability MDL, no later than fifteen (15) days before the Final Approval and Fairness Hearing, a declaration confirming that dissemination of the Notice to the Class has taken place in accordance with this Order.

**IT IS SO ORDERED.**

DATED: June 15, 2018

_____/s/_____
Anthony J. Trenga
United States District Judge