Brice Johnston
4824 Grassmere St
Montgomery AL 76116-0700



September 4, 2018

| | |
|---|---|
| Clerk of Court<br>United States District Court for the Eastern<br>District of Virginia<br>Albert V. Bryan U.S. Courthouse<br>401 Courthouse Square<br>Alexandria, VA 22314 | Diane Flannery, Esq.<br>McGuire Woods, LLP<br>Gateway Plaza, 800 East Canal Street<br>Richmond, VA 23219<br>Attorney for Lumber Liquidators. Inc. |
| Steven Toll, Esq.<br>Cohen. Milstein Sellers & Toll, PLLC<br>1100 New York Ave, NW<br>Suite 500 - West Tower<br>Washington DC, 20005<br>Attorney for Formaldehyde Class | Alexander Robertson, IV, Esq.<br>Robertson & Associates, LLP<br>32121 Lindero Canyon Rd., Suite 200<br>Westlake Village, CA 91361<br>Attorney for Durability Class |

In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Marketing, Sales Practices and Products Liability Litigation, MDL No. 1:15-md-02627; and In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing and Sales Practices Litigation, MDL No. 1:16-md-2743

Dear Gentlemen:

Please file the enclosed objection in the above referenced matters.

Thank you.

Sincerely,

Brice Johnston

Brice Johnston
4824 Grassmere St
Montgomery AL 76116-0700

September 4, 2018

| Clerk of Court<br>United States District Court for the Eastern District of Virginia<br>Albert V. Bryan U.S. Courthouse<br>401 Courthouse Square<br>Alexandria, VA 22314 | Diane Flannery, Esq.<br>McGuire Woods, LLP<br>Gateway Plaza, 800 East Canal Street<br>Richmond, VA 23219<br>Attorney for Lumber Liquidators. Inc. |
| --- | --- |
| Steven Toll, Esq.<br>Cohen. Milstein Sellers & Toll, PLLC<br>1100 New York Ave, NW<br>Suite 500 - West Tower<br>Washington DC, 20005<br>Attorney for Formaldehyde Class | Alexander Robertson, IV, Esq.<br>Robertson & Associates, LLP<br>32121 Lindero Canyon Rd., Suite 200<br>Westlake Village, CA 91361<br>Attorney for Durability Class |

In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Marketing, Sales Practices and Products Liability Litigation, MDL No. 1:15-md-02627; and In Re: Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing and Sales Practices Litigation, MDL No. 1:16-md-2743

## OBJECTION

My name and address are set forth above. My email address is brice@johnstonfirmpc.com. I am a class member in the above referenced matter. According to the records of Lumber Liquidators, I am a class member in the CARB2/Durability settlement class. i.e., I purchased Class Flooring between January 1, 2011 and May 31, 2015. My claim Number is LLA1108785. I mailed in my claim for a cash reimbursement on July 5, 2018. I do not have a copy of my proof of purchase. I have not filed an objection to any class action in the last three years. I do not intend to appear at the Final Approval and Fairness Hearing, either in person or through counsel.

Although the proposed Settlement has an alleged value of $36,000,000 that amount is misleading because only $22,000,000 of the proposed settlement is cash. The remaining $14,000,000 represents coupons or vouchers of limited value. "a store-credit voucher may transfer the voucher to a family member or a nationally recognized charity. Vouchers will not otherwise be transferrable, nor may they be sold or redeemed for cash." The Fee Petition seeks attorneys' fees equal to 31% of the value of both the cash and voucher portions of the settlement, i.e; some $11,160,000 in fees and another $797,000 in expenses.

Because class counsel are requesting 33.21% of the gross settlement for fees and costs;

arithmetically, they are actually seeking 54.4% of the $22,000,000 of the cash portion of the settlement. When the additional $1,210,000 for class administration is added in, some $13,167,000, equaling 59.85% of the cash portion of the settlement will go to fees and expenses.

The Class Action Fairness Act requires greater judicial scrutiny for the review of proposed class action settlements wherein the defendant provided coupons in lieu of cash. In this matter the $14,000,000 in coupons or vouchers are not worth $14,000,00 in cash; and should class counsel argue to the contrary, the Court should consider paying a portion of the attorneys' fees in coupons.

A reasonable compromise would be to pay 20% of the $22,000,000 cash portion ($4,400,000) for attorneys' fees and grant an additional 20% of the $14,000,000 coupon portion, ($2,800,000) as attorneys' fees for the coupon portion. That would result in attorneys' fees of $7,200,000 which is 32.72 % of the cash portion of the proposed settlement prior to costs.

Sincerely,

Brice Johnston