

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

In re: Lumber Liquidators Chinese-Manufactured )
Flooring Durability Marketing and Sales Litigation ) No. 1:16-md-02743 (AJT)
)

## OBJECTION TO CLASS CERTIFICATION AND REQUEST FOR ATTORNEYS' FEES

Class member Jill R. Piazza, 495 Jordan Drive, Lumberton, TX 77657, email Jills1269@yahoo.com, hereby objects to the request for attorney's fees in this class action. Ms. Piazza purchased Chinese-made laminate flooring, 12 mm Dream Home Kensington Manor Golden Teak Laminate Flooring, from Lumber Liquidators in Beaumont, Texas in 2011, and is a member of the CARB-2/Durability Class. *See Exhibits* attached hereto. Ms. Piazza has already filed her claim for settlement benefits, reference # 10048256. *See Exhibits.* Ms. Piazza filed an objection to the Wells Fargo settlement during the past three years, *Jabbari v. Wells Fargo,* No. 1:15-cv-2159, ND CA.

Ms. Piazza does not intend to appear at the fairness hearing.

I.  **This Multistate Class Action May Not Be Certified Under the Fifty States' Laws Because Common Issues Do Not Predominate.**

As was the case in the recently-decided *Espinosa v. Ahearn,* 2018 U.S App. Lexis 1626 (9th Cir., Jan23, 2018), this diversity class action may not be certified because variations in state law defeat predominance. This court has not conducted a choice of law analysis to determine whether common issues predominate, and even if it did, it is unlikely that they would. *See Mazza v. Am. Honda Motor Co.,* 666 F.3d 581 (9th Cir.

2012) (holding that laws of 44 other states are materially different from California law in a way that defeats predominance). As the 9th Circuit held in *Espinosa, supra*, the mere fact of settlement does not eliminate the need for a rigorous predominance analysis since otherwise Plaintiffs are disarmed to push for a better deal. 2018 U.S. App. Lexis 1626 at *37. That is equally true of this case. The Plaintiff Class could not have been certified for trial, and therefore Plaintiffs were disarmed and unable to press for an adequate settlement. Consequently, the Class may not be certified for settlement either, since common issues do not predominate, and Plaintiffs are as a result inadequate.

II. **The Settlement Fails to Protect the Members of the CARB2/Durability Subclass.**

Despite the fact that the durability MDL is a completely separate lawsuit from the formaldehyde MDL, for completely different defects, the settlement lumps both subclasses together and fails to ensure adequate compensation of each subclass. That error is compounded by the lack of specificity in awarding attorney's fees. Fees for the CARB2/Durability subclass attorneys must be limited to no more than 25% of the benefits received by the Durability subclass, and fees for the formaldehyde subclass attorneys must be similarly limited. These cases should not have been settled together, simply because they share a common defendant and both involve Chinese flooring. Because the injuries are different, it is improper to include both subclasses in the same settlement and the same claims process.

III. **The Fee Request of 53% Of The Cash Fund Is Excessive and Violates CAFA.**

Class Counsel have requested an attorney's fee of 33.33 % of the total, or $12 million, all of it to come out of the $22 million cash fund. This means that the attorney's fees will consume 54.5% of the cash fund, before a single voucher has been redeemed, in

violation of CAFA. Instead, Class Counsel should receive no more than 25% of the cash fund net of notice, administration and litigation costs, or $5 million. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (administrative costs not properly included in the value of settlement to the class, and therefore not properly considered when calculating attorneys' fees); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014) (same). Any additional fees to be paid in the future after voucher redemption data is available must come from some other source.

CAFA permits Class Counsel to receive a percentage of cash benefits created for the class. However, when it comes to coupons, Class Counsel may only receive a reasonable percentage of the coupons actually redeemed, and a court commits error if it makes a fee award prior to receiving redemption data. CAFA makes clear that fees can only be awarded for coupon settlements based on the number of class members who actually redeem the in-kind and relief. *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174, 179 (3d Cir. 2014)(court should "withhold final approval of a settlement until the actual distribution of funds can be estimated with reasonable accuracy"). *See also, Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (only redeemed coupons may be included in settlement value); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014) (reversible error to include unclaimed funds in settlement value); *Eubank v. Pella*, 753 F.3d 718, 726 (7th Cir. 2014) (same).

The reality is that the overwhelming majority of class members never redeem their coupons. *See, e.g., Davis v. Cole Haan, Inc.*, 2015 U.S. Dist. LEXIS 153434 (N.D. Cal. Nov. 12, 2015) (2.3% of unsolicited vouchers redeemed); *True v. Am. Honda*

*Motor Co.*, 749 F. Supp. 2d. 1052, 1074-75 (C.D. Cal. 2010) (citing two cases with redemption rates under 2%); *Buchet v. ITT Consumer Fin. Corp.*, 858 F. Supp. 944 (D. Minn. 1994) (citing numerous redemption rates well below 1%).

Valuation of claims-made settlements must be based upon actual usage of in-kind or discount relief. *See Fitzgerald v. Gann Law Books*, 2014 U.S. Dist LEXIS 174567 (D.N.J. Dec. 17, 2014)(in-kind benefits may not be included in settlement value if not used). *See also Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) (only claimed coupons may be included in settlement value); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 781 (7th Cir. 2014) (reversible error to include unclaimed funds in settlement value); *Eubank v. Pella*, 753 F.3d 718, 726 (7th Cir. 2014) (same). The fact that Class members are not required to pay anything out of pocket in order to use their vouchers does not transform the non-monetary relief from a coupon into something else. *See Redman. supra*, 768 F.3d at 637 ("There is in short no statutory or practical reason for distinguishing among coupons that offer 10 percent, 50 percent, 90 percent, or 100 percent cash savings.").

While the proposed settlement makes $14 million in coupons available to the class, there is as yet no data about how many of those coupons will actually be used for store credits in the purchase of more Lumber Liquidator products. Until there is, Class Counsel may receive no amount of fees for the coupon or voucher portion of the settlement.

Moreover, even if the redemption data were available, it would be improper to take the fees associated with the coupon benefits from the cash portion of the fund,

since to do so would constitute double dipping and result in a 54.5% fee from the cash fund. Instead, the source of fees for the coupon portion of the settlement must either be paid in the same form as the class receives, ie coupons, or be paid directly by the Defendant. Under no circumstances would it be permissible under CAFA for the coupon portion of the fees to be taken from the cash portion of the settlement.

Objector Piazza has no objection to Class Counsel receiving fees of $5 million, or 25% of the $20 million cash portion of the settlement fund after costs and expenses are deducted, from the cash fund. She objects to the payment of any further amounts from the cash fund. If Class Counsel provide redemption data at a later date, or request fees for the voucher portion of the settlement based upon lodestar, those fees must be paid from another source, such as the vouchers themselves.

Signed by: _____  Date: 8/30/2018
Jill Piazza

From: donotreply@LaminateSettlement.com <donotreply@LaminateSettlement.com>
Sent: Wednesday, July 25, 2018 11:28 AM
To: JILLS1269@YAHOO.COM
Subject: Claim Completed

Dear JILL PIAZZA,

You have successfully completed the claim filing for the Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Litigation. Your details are given below.

Reference Number: **10048256**

Reference Code: **5985785**

Claim Number: **LLA1434171**

Name: **JILL PIAZZA**

Street Address 1: **495 JORDAN DR**

Street Address 2:

City: **LUMBERTON**

State : **TEXAS**

Zip Code : **77657**

Country: **United States**

Email: **JILLS1269@YAHOO.COM**

Settlement Class: **CARB-2/ DURABILITY**

Payment Option: **CASH REIMBURSEMENT**

Signature : **JILL PIAZZA**

Date : **07/25/2018**

Thank You,
Settlement Administrator
Lumber Liquidators
www.LaminateSettlement.com

