October 25, 2018


OCT 3 0 2018
CLERK U.S. DISTR...

Clerk of Court
United States District Court for the Eastern District of Virginia
401 Courthouse Square
Alexandria, VA 22314

> RE: *Lumber Liquidators Chinese-Manufactured Laminate Flooring Products Marketing, Sales Practices and Products Liability Litigation*
> Case No. 1:15-md-02627 (AJT/TRJ)
>
> and
>
> RE: *Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing & Sales Practices Litigation*
> Case No. 1:16-md-02743 (AJT/TRJ)

Dear Clerk of Court:

I write to you today to express my objection to the administration of the above entitled class action suits on behalf of myself, and the thousands of other complainants named in these actions against Lumber Liquidators. The attorneys and their representative, a settlement administrator, have not communicated changes to the June 2018 settlement in a forthright and straightforward manner and, as such, have not acted responsibly on behalf of the very individuals they purport to represent in this class action suit.

In the summer of 2018 I, like many other consumers of Lumber Liquidators laminate flooring, was contacted by a postcard sent to my home address and was notified of both the durability problems and the elevated formaldehyde content of the flooring. The notice, sent from the settlement administrator, solicited my participation in the suit as an affected consumer.

That mailing stated certain timelines - specifically that consumers must join the settlement suit by October 13, 2018 (that date was later changed to October 20, 2018). The notification said members of the class action could expect a settlement in fall 2018. The settlement suggested was based on "past settlement data" and "class members selecting the cash award may expect to receive about 20% to 56% of the purchase price of their flooring – this does not include the cost of installation. Class members electing to receive a voucher [to Lumber Liquidators] can expect 38% -104% of their purchase price."

After mailing in that postcard to join the suit, I have received no other communications from the settlement administrator (despite providing both my email and phone number on the returned postcard – clearly they already had my home address given their first contact through the U.S. Mail).

1

As the postcard said to expect payment in fall 2018 and absent any communication regarding the suit, I conducted an internet search today – curious to see if payment was forthcoming. I was shocked to discover the following declaration on the LaminateSettment.com website:

*During the class notice period, Class Counsel provided class members with ranges of recovery that customers might expect to receive if they participated in the settlement. These ranges, based upon past settlement data, stated that if a class member selected the cash option, he or she could expect about 20% to 56% of the purchase price of the flooring, exclusive of costs of installation, while those who selected the voucher could expect 38%-104% of their purchase price.*

*With the claims period almost expired, Class Counsel have more information on the estimated benefits. Because of an extremely high participation rate, and a very high rate of selection of the cash award, the estimated benefit for claimants selecting cash is approximately 5.5% of their purchase price. The estimated benefit for those selecting store credit vouchers is 60% of their purchase price, or about $703 on average.*

*Recognizing that this new information may lead some class members to wish to reconsider their selection, the Court has extended to October 20, 2018 the date by which class members who have enrolled may change their selection from cash to voucher (or vice-versa).*

*Vouchers may be used for purchase of a new floor, as well as for removal and installation with a Lumber Liquidators installer. The vouchers have limited transferability to family members or nationally recognized charities, and those class members who select the vouchers for a family member should include that person's name when making their selection. See the Long Form Notice available on the Important Documents page of this website for further information regarding transfer of vouchers.*

*If you previously filed an online claim, you may log back in to your existing claim to review or edit your benefit selection. If you previously filed a claim by mail, please email the Settlement Administrator at LaminateSettlement@AdministratorClassAction.com and include your full name, address and the Claim Number provided in the Notice that was sent to you, along with your updated benefit selection, and the Settlement Administrator will provide you with instructions.*

*The Court has also set October 20, 2018 as the deadline for those eligible who have not yet enrolled in the settlement to file a claim.*

The attorneys representing the class action suit drastically underestimated the number of consumers that would select the cash payout instead of replacement vouchers. Additionally, they failed to adequately alert members of the class action suit of the deadline to change their award. Despite having contact information (address, phone number, and email) they deliberately chose to passively post this important award change information to the settlement website rather than contacting the very consumers they were supposed to represent. As a consumer that now has non-durable, Chinese-made flooring with elevated formaldehyde levels, which may be a carcinogen, installed in my home, I find it unacceptable that more time and notice was not extended to the members of the class action suit. I have missed the deadlines to exclude myself from the suit (that was September 4, 2018) and to convert my award from cash to a voucher (October 20, 2018). Now, having selected the cash option – I will receive approximately 5.5% of the purchase price of my Lumber Liquidators flooring (I spent just over $2000 on the flooring). I can now expect around $110.00 while the attorneys who convinced thousands of the consumer-victims to join the suit will share one-third of the cash settlement. The cash settlement is $22,000,000 and attorneys will take $7,333,333.33 plus additional expenses. As someone who was a consumer, and victim, in this case my $110.00 is ridiculous.

Had the settlement administrator contacted me regarding the number of class members that selected the cash option over the store vouchers, causing the percentage to drop from original estimates of 20-56 percent to a pittance – 5.5%, I would have changed my award to the Lumber Liquidators voucher in the hopes of replacing the defective flooring. I called the toll free settlement administrator's phone number to log a complaint this morning, October 25th, and was told there was nothing they could do. They claimed I should have been checking the websites for updates – the fault, they charged, was mine alone.

I alert you, United States District Court for the Eastern District of Virginia, because I do not know where to turn for help. The administration of the settlement was bungled, mismanaged, and the settlements being issued to affected customers are laughable. The lack of communication from the settlement administrator now leaves many of us with pitifully small awards which are not, in any way, approximate restitution for defective, and possibly dangerous, flooring. I write for the consumers in this case – deceived by Lumber Liquidators first and now victimized by the attorneys and settlement administrator who had a responsibility to communicate changing award circumstances in these cases. What purpose, really, does this judgment and the subsequent awards really serve? The settlements are certainly not in the best interests of the purchasers of the flooring who have not been awarded, in any approximation, the funds or vouchers to replace the questionable Lumber Liquidators flooring. The attorneys and settlement administrator did not communicate the change in the award settlement because they were not concerned with the monetary awards actually going to affected consumers. Their fees secure, the division of the remainder of the cash award between class members was inconsequential. If they were truly advocating for affected consumers attorneys and the settlement administrator would have contacted all class members with the choice to continue with a reduced cash award, given the large number of class members, or to change to the store vouchers. The omission of this notification is unprincipled and seems in contrast to the very principle of a class action lawsuit. They did not adequately represent us. Whatever you can do to help remedy this situation, for those of us not receiving one-third of a 22 million dollar settlement, would be appreciated.

Thank you, in advance, for your thoughtful consideration of this matter.

Respectfully yours,

Stacey L. Schneider
846 Vail Ridge
Williamsburg, VA 23188
(757)719-3112
schneiders@tncc.edu

3

CC: Laminate Settlement
Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

Defendant Lumber Liquidators, Inc. Lead Counsel:
Diane P. Flannery, Esq.
McGuire Woods LLP
Gateway Plaza, 800 East Canal Street
Richmond, VA 23219

Formaldehyde Plaintiffs' Co-Lead Counsel:
Steven Toll, Esq.
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave, NW
Suite 500 – West Tower
Washington, DC 20005

Durability Plaintiffs' Co-Lead Counsel:
Alexander Robertson, IV, Esq.
Robertson & Associates, LLP
32121 Lindero Canyon Rd, Suite 200
Westlake Village, CA 91361