IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS<br>CHINESE-MANUFACTURED FLOORING<br>PRODUCTS MARKETING, SALES<br>PRACTICES AND PRODUCTS LIABILITY<br>LITIGATION | MDL No. 1:15-md-2627 (AJT/TRJ) |

This Document Relates to ALL Cases

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS<br>CHINESE-MANUFACTURED FLOORING<br>DURABILITY MARKETING AND SALES<br>PRACTICE LITIGATION | MDL No. 1:16-md-2743 (AJT/TRJ) |

This Document Relates to ALL Cases

## ORDER

This matter is before the Court on Class Member Diana Cantu-Guerrero's Motion to Deny Appeal Bond [Doc. 163] ("the Motion").

By order dated October 9, 2018, the Court required any class member appealing the Court's approval of the class action settlement to accompany any notice of appeal with a motion for the setting of an appeal bond. [1:16-md-2743, Doc. 157 at 20]. On November 8, 2018, Ms. Cantu-Guerrero filed her notice of appeal, together with the required Motion, requesting that the Court not require any bond to ensure payment of the costs of her appeal but in any event, set a bond at no more than $5,000 to cover only the appeal costs expressly provided for in Federal Rule of Appellate Procedure 39(e). [Docs. 163, 164].

Lead Class Counsel has urged the Court to set a bond in the amount of at least $50,000 in order to discourage the filing of a frivolous appeal by "serial objectors." [Doc. 170 at 6].

Although the Fourth Circuit has not yet addressed the issue, other circuits have consistently held the amount of appeal bond authorized under Federal Rule of Appellate Procedure 7 "to ensure payment of costs on appeal" is limited to "costs expressly permitted by rule or statute," such as preparation and transmission of the record, transcript costs, and filing fees—all of which are enumerated in Rule 39(e)—and attorneys' fees where authorized by statute, and thus does not include the cost of delaying distribution of benefits to the class and other indirect costs associated with an appeal or amounts designed to deter frivolous appeals. *Tennille v. W. Union Co.*, 774 F.3d 1249, 1256 (10th Cir. 2014) (collecting cases and holding that "costs on appeal" are limited to "costs expressly permitted by rule or statute").[1] In short, the appeal bond requirement is not designed nor intended to address the issues that understandably motivate Lead Class Counsels' concerns; and the Court of Appeals is fully armed under the rules to impose sanctions for frivolous appeals. *See* Fed. R. App. P. 38.

The Court, upon consideration of the parties' memoranda and review of the authorities cited therein, finds that an appeal bond in the amount of $7,500 is warranted and "necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.

Accordingly, it is hereby

ORDERED that Class Member Diana Cantu-Guerrero's Motion to Deny Appeal Bond [Doc. 163] is GRANTED to the extent that Ms. Cantu-Guerrero shall post an appeal bond in the amount of $7,500 to ensure payment of the appeal costs provided for in Federal Rule of Appellate Procedure 39(e); and the Motion is otherwise DENIED.

---

[1] *See also In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985) (per curiam); *Hirschensohn v. Lawyers Title Ins. Corp.*, No. 96-7312, 1997 WL 307777, at *1–*3 (3d Cir. June 10, 1997) (unpublished); *Adsani v. Miller*, 139 F.3d 67, 71–75 (2d Cir. 1998); *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 953–54 (9th Cir. 2007); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1203–04 (11th Cir. 2005); *Int'l Floor Crafts, Inc. v. Dziemet*, 420 Fed. App'x. 6, 17 (1st Cir. 2011) (unpublished).

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
December 10, 2018